**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

--------------------------------------------------------------------------X   Case No.

PRECISION MEDICINE LABS, LLC, and
JON STEINBERG,

                Plaintiffs,

        - against -                        **COMPLAINT**

PHILLIP FYMAN AND ALEXANDER
WEINGARTEN, M.D., P.C.,                      PLAINTIFFS DEMAND
PHILLIP FYMAN, *Individually*, and           A TRIAL BY JURY
ALEXANDER WEINGARTEN, *Individually*,

                Defendants.

--------------------------------------------------------------------------X

Plaintiffs, PRECISION MEDICINE LABS, LLC and JON STEINBERG, by and through their attorneys, NISAR LAW GROUP, P.C., complain, upon information and belief, as follows:

## NATURE OF THE CASE

1.     Plaintiffs bring this action for **breach of contract**, seeking monetary relief due to Defendants' continued failure and refusal to pay Plaintiffs pursuant to the terms of a contract between the parties.

2.     In the alternative, Plaintiffs bring this action for **quantum meruit**, seeking the reasonable value of the services performed by Plaintiffs for Defendants.

3.     In the alternative, Plaintiff Jon Steinberg ("Plaintiff STEINBERG") brings this action against Defendants pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the New York State Labor Law, Articles 6 & 19 ("NYLL") for **failure to pay wages** due and owed for all hours worked for Defendants.

## JURISDICTION AND VENUE

4.     Jurisdiction of this Court is proper under Section 216(b) of the FLSA (29 U.S.C. § 216 (b)), §§ 1331 and 1343.

5. The Court has supplemental jurisdiction over Plaintiff's claims brought under state law pursuant to 28 U.S.C. §1367.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) as it is a judicial district in which a substantial part of the events or omissions giving rise to the claims have occurred.

## PARTIES

7. At all times relevant, Plaintiff PRECISION MEDICINE LABS, LLC ("PML") was and is a foreign limited liability company, duly existing pursuant to and by virtue of the laws of the State of Delaware.

8. At all times relevant, Plaintiff PML was and is a foreign limited liability company that lawfully conducts business within the State of New York, with its principal place of business located at 6800 Jericho Turnpike, Suite 209W, Syosset, NY 11791.

9. At all times relevant, Plaintiff STEINBERG was and is a resident of the State of New York and Nassau County.

10. At all times relevant, Plaintiff STEINBERG was and is an "Owner" of Plaintiff PML.

11. Plaintiff PML and Plaintiff STEINBERG shall be herein referred to together as "Plaintiffs."

12. At all times relevant, Defendant PHILLIP FYMAN AND ALEXANDER WEINGARTEN, M.D., P.C ("PFAW") was and is a domestic professional corporation, duly existing pursuant to, and by virtue of the laws of the State of New York, with its principal place of business located at 121 Eileen Way, Syosset, NY 11791.

13. At all times relevant, Defendant PHILLIP FYMAN ("FYMAN") was an employee of Defendant PFAW, holding the position of "President."

14. At all times relevant, Defendant FYMAN was Plaintiff STEINBERG's supervisor and/or

2

held supervisory authority over Plaintiff STEINBERG.

15. At all times relevant, Defendant ALEXANDER WEINGARTEN ("WEINGARTEN") was an employee of Defendant PFAW, holding the position of "Vice-President."

16. At all times relevant, Defendant WEINGARTEN was Plaintiff STEINBERG's supervisor and/or held supervisory authority over Plaintiff STEINBERG.

17. Defendant PFAW, Defendant FYMAN, and Defendant WEINGARTEN shall be herein referred to collectively as "Defendants."

18. At all times relevant, Plaintiff STEINBERG was a full-time employee of Defendants.

19. At all times relevant, Defendants had the power to, and were responsible for, determining the wages to be paid to Plaintiff STEINBERG.

20. Upon information and belief, Defendants were engaged in interstate commerce within the meaning of the FLSA in that Defendants: (a) had and have employees engaged in commerce or in the production of goods for commerce, and handles, sells, or otherwise works on goods or materials that have been moved in or produced for commerce by any person; and (b) had and have an annual gross volume of sales of not less than $500,000.00.

21. Further, during Plaintiff STEINBERG's employment with Defendants, Plaintiff STEINBERG routinely engaged in activities which facilitated or related to interstate or foreign commerce.

## MATERIAL FACTS

22. On or about March 1, 2018, Plaintiffs and Defendants entered into a service agreement (the "Agreement") in which Plaintiffs agreed to provide "administrative, consulting, and strategic support services" for Defendants, including the "[d]evelopment of an outreach team to support patient access processes," "[m]anagement of the outreach process,"

3

"[d]evelopment of collateral material," "[c]ustomer service support," "[t]racking of specimens," and "[s]ervice integration with payers, health systems, professional organizations, and ongoing research initiatives" (the "Administrative Services").

23. As per the Agreement, in consideration of, and exchange for, the Administrative Services, Defendants agreed to "pay [Plaintiffs] in the amount of Eighteen Thousand Three Hundred Thirty-Three Dollars and Thirty-Three Cents ($18,333.33) per month, pro-rated for any portion of a month."

24. Accordingly, on or about March 1, 2018, Plaintiffs began performing the Administrative Services for Defendants pursuant to the terms of the Agreement.

25. Nevertheless, despite this Agreement being structured as an independent contractor arrangement, throughout the entirety of the time that Plaintiff performed services for Defendants, the following circumstances existed:

   a. Defendants substantially controlled and directed Plaintiff STEINBERG's performance of his job duties;

   b. Defendants required Plaintiff STEINBERG's regular adherence to the policies and procedures of Defendants;

   c. Plaintiff STEINBERG did not have any supervisory or managerial responsibilities;

   d. The work performed by Plaintiff STEINBERG required no capital investment;

   e. Plaintiff STEINBERG used the equipment provided by Defendants, and performed work in the manner directed by Defendants; and,

   f. Plaintiff STEINBERG followed a schedule generated by Defendants.

26. In or around early-March 2018, Defendants asked Plaintiffs for permission to defer their first two (2) months of payment and pay Plaintiffs retroactively at the end of May 2018

4

for the Administrative Services Plaintiffs provided to Defendants in March, April, and May 2018. As a courtesy, Plaintiffs agreed.

27. Unfortunately, at the end of May 2018, rather than pay Plaintiffs retroactively and fulfill their obligations under the Agreement, Defendants instead only paid Plaintiffs for one (1) month—to wit—for services performed in May 2018.

28. Although Plaintiffs continued to request payment for March and April 2018 pursuant to the terms of the Agreement, Defendants continued to refuse.

29. Nevertheless, Plaintiffs continued to perform the Administrative Services for Defendants and they paid for those services each month as required under the Agreement (with the exception of March and April 2018).

30. In or around March 2020, due to the COVID-19 global pandemic, Defendants were forced to terminate the Agreement with Plaintiffs.

31. As such, in or around March 2020, Plaintiff STEINBERG's employment with Defendants ended as well.

32. Further, pursuant to Section 5 of the Agreement, "[u]pon termination, expiration, or non-renewal of this Agreement as provided herein, [Defendants] shall pay any and all undisputed amounts then due and owing by [Defendants] to [Plaintiffs] under this Agreement."

33. However, to date, Defendants have nonetheless refused to pay Plaintiffs for the Administrative Services performed for Defendants in March and April 2018.

34. As a result, pursuant to the terms of the Agreement, Defendants still owe Plaintiffs for the Administrative Services rendered during the months of March and April 2018 at a rate of $18,333.33 per month (for a total of $36,666.66) per the terms of the Agreement.

35. Plaintiffs were damaged by Defendants' failure to pay Plaintiff STEINBERG's lawfully

earned wages.

36.     Defendants' failure to pay Plaintiffs wages pursuant to the Agreement and required by law was willful.

37.     Defendants' conduct was malicious, willful, outrageous, and conducted with full knowledge of the law.  As such, Plaintiffs demand Liquidated Damages as against all Defendants, jointly and severally.

## FIRST CAUSE OF ACTION
## BREACH OF CONTRACT

38.     Plaintiffs repeat and reallege each and every allegation made in the above paragraphs of this complaint.

39.     Plaintiffs provided services in accordance with the Agreement and under circumstances in which there was a meeting of the minds between the parties.

40.     The Agreement constitutes an enforceable contract.

41.     Plaintiffs fulfilled all their obligations pursuant to the Agreement.

42.     Defendants failed to pay Plaintiffs pursuant to the terms of the Agreement.

43.     Defendants' failure to pay Plaintiffs pursuant to the Agreement constitutes a breach of contract.

44.     As a result of Defendants' breach of contract, Plaintiffs have suffered irreparable injuries, and is entitled to both expectancy and reliance damages.

## SECOND CAUSE OF ACTION
## QUANTUM MERUIT

45.     Plaintiffs repeat and reallege each and every allegation made in the above paragraphs of this complaint.

46.     Defendants requested the Administrative Services from Plaintiffs related to Defendants' medical practice.

47. Defendants agreed to pay Plaintiffs for those Administrative Services.

48. Plaintiffs in good faith provided those Administrative Services that Defendants requested and in reliance upon Defendants' promises to compensate Plaintiffs for that work.

49. The reasonable value of those services is $36,666.66.

50. Although Plaintiffs have demanded payment in full, Defendants have failed and refused to pay such sum and the amount remains unpaid.

51. Plaintiffs have been damaged by Defendants' non-payment.

52. Plaintiffs are entitled to the reasonable value of the Administrative Services Plaintiffs performed for Defendants for which Defendants have not paid.

**THIRD CAUSE OF ACTION**
**VIOLATION OF THE NEW YORK LABOR LAW**
**FAILURE TO PAY EARNED WAGES**

53. Plaintiff STEINBERG repeats and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

54. Defendants failed and refused to pay Plaintiff STEINBERG his earned wages "not less frequently than semi-monthly, on regular pay days designated in advance by the employer," in violation of NYLL § 191(1)(d).

55. Pursuant to NYLL § 191(2), "No employee shall be required as a condition of employment to accept wages at periods other than as provided in this section."

56. As a consequence, under NYLL § 198, Plaintiff STEINBERG is entitled to (a) the full amount of underpayment, (b) attorneys' fees and costs, (c) prejudgment interest, and (d) an additional amount as liquidated damages equal to one hundred percent of the total amount of the wages found to be due.

## FOURTH CAUSE OF ACTION
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## <u>MINIMUM WAGE</u>

57.    Plaintiff STEINBERG repeats and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

58.    Defendants willfully employed Plaintiff STEINBERG in the aforementioned enterprise and failed to compensate Plaintiff STEINBERG at the required minimum hourly rate for his employment.

59.    Defendants' failure to pay Plaintiff STEINBERG the mandated minimum hourly pay in accordance with the FLSA was a direct violation of the FLSA, specifically 29 U.S.C. § 206.

60.    Defendants' failure to pay proper minimum wages for each hour worked was willful within the meaning of 29 U.S.C. § 255.

61.    Defendants' failure to comply with the FLSA has caused Plaintiff STEINBERG to suffer loss of wages.

## FIFTH CAUSE OF ACTION
## VIOLATION OF NEW YORK LABOR LAW § 652(1)
## <u>MINIMUM WAGE</u>

62.    Plaintiff STEINBERG repeats and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

63.    Plaintiff STEINBERG was an employee of Defendants within the meaning of the NYLL.

64.    Defendants failed to pay Plaintiff STEINBERG the required minimum hourly wage rate for one hour of work.

65.    Defendants violated Plaintiff STEINBERG's right to minimum wage pay under § 652(1); New York Labor Law, Article 19.

66.    Defendants also violated New York's Minimum Wage Order of 12 NYCRR Part No.

8

142.

67.    On account of such violations, Defendants are liable to Plaintiff STEINBERG for actual, statutory and liquidated damages.

68.    Defendants' actions were willful.

69.    Defendants' failure to comply with the NYLL and New York's Minimum Wage Order caused Plaintiff STEINBERG to suffer loss of wages.

70.    As a consequence, Plaintiff STEINBERG is entitled to (a) the full amount of underpayment, (b) attorneys' fees and costs, (c) prejudgment interest, and (d) an additional amount as liquidated damages equal to one hundred percent of the total amount of the wages found to be due.

## JURY DEMAND

71.    Plaintiffs request a jury trial on all issues to be tried.

**WHEREFORE**, Plaintiffs respectfully request a judgment against Defendants:

A.    Awarding damages to Plaintiffs in the amount of $36,666.66, plus interest in an amount to be determined by the Court;

B.    In the alternative, awarding damages to Plaintiffs for the reasonable value of the services provided to Defendants;

C.    In the alternative, declaring that Plaintiff STEINBERG was an employee of Defendants and awarding damages to Plaintiff STEINBERG for all unpaid wages due under the FLSA and the NYLL;

D.    Awarding Plaintiff STEINBERG liquidated damages as a result of Defendants' willful failure to pay wages;

E.    Awarding Plaintiffs attorneys' fees, costs, and expenses incurred in the prosecution of the action; and

9

F.  Awarding Plaintiffs such other and further relief as the Court may deem equitable, just and

proper to remedy Defendants' unlawful employment practices.

Dated:  New York, New York
          April 30, 2021

NISAR LAW GROUP, P.C.

By:

_____
Casey Wolnowski, Esq.
*Attorneys for Plaintiff*
One Grand Central Place
60 East 42nd St., Ste. 4600
New York, NY 10165
Email: cwolnowski@nisarlaw.com
Ph: (646) 889-1007
Fax: (516) 604-0157
